MARQUIS D. LUSK *et al.* plaintiffs in error, *v.* HENRY HARBER, defendant in error.

*Error to Madison.*

Under the Revenue Law of 1839, if the plaintiff produce the judgment against the land, the precept and the sheriff's deed for the premises, and prove that the defendant was in the possession thereof at the commencement of the action, a *prima facie* case is made out.

Before a defendant in ejectment can go behind a judgment against the land for the taxes due thereon, to show that the preliminary proceedings were irregular, he must establish the following facts, to wit: that he, or the person under whom he claims, had title to the land at the time of the sale, or that the title has since been obtained from the United States or the State.

A sheriff's deed for land sold for taxes, based upon a valid judgment and precept, is conclusive against all but the former owner and those claiming, through or under him.

EJECTMENT in the Madison Circuit Court, brought by the plaintiffs in error against the defendant in error, and heard at the October term 1845, before the Hon. Gustavus P. Koerner and a jury, when a verdict was rendered in favor of the defendant.

All the material facts of the case appear in the Opinion of the Court.

*D. J. Baker,* and *L. B. Parsons, Jr.,* for the plaintiffs in error.

The plaintiffs having produced in the Court below a sheriff's deed to themselves, founded on a valid judgment and precept, the defendant could not be permitted to question the title acquired by such deed, or to introduce any evidence to show irregularity in previous proceedings, until he should show that he, or the person under whom he claims, had title to the land at the time of the sale, or that the title was obtained from the United States or this State after the sale, and that all taxes due upon the land had been paid by himself or the person under whom he claimed. Revenue Act of 1839, § 43; Rev. Stat. 448, § 73; *Hinman* v. *Pope,* 1 Gilman, 138; *Atkins* v. *Hinman,* 2 do. 453–4.

*L. Trumbull*, for the defendant in error.

1. So much of the Act of 1839 as makes the deed conclusive evidence is repealed by section 113 of the Revenue Act of 1845. Hence the defendant was at liberty to attack the plaintiff's title without first showing title in himself.

2. The testimony shows the defendant to have been in possession of the premises, claiming them as his own at the time they were sold for taxes, and if it were necessary to show title in the defendant before he could attack the plaintiff's title, a possessory title is sufficient.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of *ejectment*, commenced in the Madison Circuit Court, in June, 1844, by Meeker and Lusk against Henry Harber, for the recovery of claim 1833, survey 675, containing 400 acres. The cause was tried before a jury, at the October term 1845. The plaintiff read in evidence the record of a judgment of the Madison Circuit Court, rendered at the September term 1841, in favor of the State of Illinois and against the tract of land in question, among others, for the taxes due thereon for the year 1840. Also, a precept issued thereon, to which the sheriff made return that he sold the lands, as directed, on the 18th and 19th days of October, 1841. Also, a deed from the sheriff to the plaintiffs for the premises, bearing date the 8th day of November, 1843. The plaintiffs then proved that the defendant was in the possession of the premises at the commencement of the action, and closed their case. The defendant read in evidence a Patent from the United States to Nicholas Jarrot for the premises, and then proved the death of the patentee, leaving a widow and several children, one of whom was the wife of Clayton Tiffin, and then introduced three deeds; *first*, from Tiffin and wife to the other heirs of the patentee; *second*, from the heirs of the patentee to Vital Jarrot; and *third*, from Vital Jarrot to Leopold Carrier. The defendant also offered in evidence a book returned by the

---

* WILSON, C. J. and YOUNG, J. did not sit in this case.

assessor to the clerk of the County Commissioners' Court, for the purpose of showing that the premises were not legally assessed for the taxes for the year 1840, and also the adver-tisement of the collector, giving notice of the application for judgment. The plaintiffs then introduced a second book, returned by the assessor at the same time, and which dif-fered in some respects from the one introduced by the de-fendant. The plaintiffs requested the Court to instruct the jury, "that the neglect of the assessor to return two com-plete copies of his assessment books ( provided the assessment be actually made and returned in time to the proper officer, ) to the County Commissioners' clerk in one copy, is not such an irregularity as will render the judgment void;" also, "that the validity of the assessment was not affected by the act of the clerk in giving out the complete copy, if any, to the col-lector;" which instructions the Court refused to give. The Court, at the instance of the defendant, instructed the jury "that if they believe, from the evidence, that in the original list of taxable property returned by the assessor, and filed and preserved by the clerk in 1840, and which embraced the land in question, no value was affixed to said land, then said assessment is defective, and the jury must find for the defend-ant." The jury found for the defendant, and the plaintiffs entered a motion for a new trial, which the Court denied. The plaintiffs prosecute a writ of error.

A new trial should have been granted. According to the construction given to the revenue laws, under which the proceedings in this case were had, by this Court in the cases of *Hinman* v. *Pope*, 1 Gilman, 131, and *Atkins* v. *Hinman*, 2 do. 437, the plaintiffs made out a *prima facie* case, by the production of the judgment, precept and sheriff's deed for the premises, and the proof that the defendant was in the possession thereof at the commencement of the action. As decided in those cases, it was then incumbent on the defen-dant to have brought himself within the provisions of the statute, before he was entitled to go behind the judgment and show that the preliminary proceedings were irregular. The provisions alluded to, forbid a party from questioning

the title acquired under a sheriff's deed on a sale for taxes, unless he first shows that he, or the person under whom he claims, had title to the land at the time of the sale, or that the title has since been obtained from the United States, or this State.    The defendant did not place himself in the proper position to assail the plaintiff's title.    He traced up the title from the Government to Leopold Carrier, but failed altogether to show that he had any interest in the title vested in Carrier.    For aught that appeared in evidence, he may have been a mere intruder on the land, without color of title.    Showing no title in himself, and failing to connect his possession with the title of the former proprietor, he was precluded by the express terms of the statute, from any attempt to undermine the foundation of the plaintiff's title. The sheriff's deed, based on a valid judgment and precept, was conclusive against all but the former owner, and those claiming through or under him.    The statute is so clear and positive in its terms, that there can be but little difficulty in determining how the party in possession must establish a title, that will enable him to go back of the judgment and inquire into the regularity of the previous proceedings.    He may unquestionably do it by the production of documentary evidence, showing that the legal estate was vested in him, or the person under whom he claims, on the day of sale. He may likewise show, that he, or the person under whom he claims, was in the actual possession of the land at the time of the sale, claiming title thereto; for such possession and claim will raise the presumption of title, and dispense in the first instance, with the production of the title papers. He need not show a title to the whole estate.    It is sufficient if he has a substantive legal interest in the land.    If the title is not vested in him, he may connect his possession with the title by showing a subsisting tenancy between him and the proprietor.    If the title has been obtained from the United States, or this State, since the sale for taxes, the title deeds should be exhibited.    The party in possession, who can show in any of these ways that he has a subsisting legal interest in the premises, may go behind the judgment and

show that any of the material pre-requisites of the law have not been complied with. If he succeeds in doing it, the title acquired by the purchaser necessarily falls. Whether these requisitions were complied with in the present case, need not now be inquired into. It will be in proper time to determine this when the defendant shows that he has the legal right to institute the inquiry.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*